## Case No. 5,199.

GALLATIN et al. v. The PILOT.

[2 Wall. Jr. 592; 2 Am. Law Reg. 697.][1]

Circuit Court, W. D. Pennsylvania. Nov. Term, 1853.[2]

---

[1] [Reported by John William Wallace. Esq.; 2 Am. Law Reg. 697, contains only a partial report.]

[2] [Reversing Case No. 4,980.]

Messrs. Shaler, Stanton, and Hamilton, for the purchaser,

Mr. Penny, contra.

GRIER, Circuit Justice. How far one owner might claim a lien against the share of another, for advances made, labour done, or any balance of account as between themselves, when the other partner sells his share, or becomes bankrupt; or whether, in such a case, this court will adopt the doctrine of Lord Hardwicke, Doddington v. Hallet, 1 Ves. Sr. 497, who decided that he has, or the doctrine of Lord Eldon, Ex parte Young, 2 Ves. & B. 242, who overruled Lord Hardwicke, and decided he has not, are questions not arising before me; for the accounts of the partnership, or how the balance stood among the partners, makes no part of the case.

A sale by the sheriff confers all the title which the defendants in the execution have, and is equivalent to their own deed with special warranty. The case then, presents this bare proposition—can a vendor for a consideration paid, retain a lien against property which he has thus sold and delivered, in the. hands of his vendee: and that, too, for a debt due by himself to himself? Certainly he cannot; for where a chattel is sold and delivered to the vendee, the vendor has neither jus in re, nor ad rem; neither property in nor lien on the thing sold. Admitting that there was, as between the partners, a balance in favor of the libellants, and that it would have been a lien inter sese, how could we maintain such a lien on a boat sold by themselves with special warranty? A tailor who makes a coat for customers who furnish the cloth, has a lien upon the coat while in his possession, for the price of his labour: but assuming the lien to continue even after a change of possession, it would be an absurd application of the doctrine, to say, that where A. & B. are in partnership, and A. furnishes the cloth and B. makes the coat, and both join in a sale of the coat, that B. has a lien for his labour as a mechanic, on the joint property sold.

The assumption that part-owners, when navigating a boat for their joint interests, are not liable personally, or in solido, for repairs, wages, provisions, &c., furnished to the vessel while trading, or earning freight for their joint profit, is entirely without foundation in law. Fland. Shipp. § 381. The dictum of Chancellor Kent to the contrary, if he ever made one to the contrary, in Nicoll v. Mumford, 4 Johns. Ch. 522, has been overruled by the chancellor himself. The libellants, we think, therefore, cannot, to suit their purposes, shift their characters as mariners and owners, so as to retain a claim on their own vessel for their own wages, after they have sold it for value; or, what is the same thing, the sheriff has sold it for them. They cannot sell their joint property, and charge the purchaser with a balance of accounts between themselves as co-tenants or co-partners. Decree reversed, and now made in favor of defendants, with costs.