## ROWE v. BRADLEY et al.

In an action of trespass for entering upon the mining ground of plaintiff, and digging the same up and converting the gold-bearing earth, the vendor of plaintiff is a competent witness, although a part of the purchase money is still due him.

The mere fact that the judgment debtor (against whom execution had issued) was found upon the mining ground of plaintiff, did not justify the Sheriff, who had the execution, in going on the ground and digging up the soil, and taking the gold it contained.

In such case, no ouster is necessary to maintain an action of trespass ; any unlawful entry is sufficient.  An officer, when he puts a Receiver in possession of the property of another, against whom he has no process, or asserts through himself or another an unlawful dominion over such property, is a trespasser.

Rowe *v.* Bradley.

In such action, where there is no specific denial of the amount of damage alleged in the complaint, although the alleged cause of damage is specially traversed, it is doubtful whether such answer amounts to a denial of the damage.

APPEAL from the Fourteenth District, County of Sierra.

The facts, as disclosed by the opinion of the Court, are as follows : This was an action of trespass, in which the plaintiff complains that in April, 1857, he owned and possessed a third part of a tract of mining ground, and that defendants broke into and trespassed upon it, and dug up and converted the dirt and gold-bearing earth to the value of $2,000.

The defendants answered, denying that the claim was the property of the plaintiff, or that they committed any trespass on *the property* of the plaintiff, and generally denying all the allegations of the complaint. And further say that " George Davis, one of the defendants herein, is Deputy Sheriff in and for the County of Sierra ; that by authority of his said office, and by virtue of an attachment issued from the District Court of the Fourteenth Judicial District in and for Sierra county, in an action before said Court, in which J. W. Bradley was plaintiff, and F. M. Rowe defendant, he levied upon or attached the said F. M. Rowe's interest in the mining claim described in plaintiff's complaint in this action; that thereupon the plaintiff in this case claimed the property as his own, and the said Sheriff, in conformity with the statutes in such cases made and provided, proceeded to try and determine the rights of property ; that the jury called to determine said matter decided in favor of said plaintiff, J. W. Bradley, as will more fully appear by reference to the proceedings then and there had, which defendants pray may be made a part hereof.

" And that, afterwards, by virtue of a judgment and execution issued from said Court, and to him directed, and by virtue of said decision of said jury, and of the statutes in such cases made and provided, satisfied the claim of said J. W. Bradley out of the said F. M. Rowe's interest as aforesaid, as the proceedings in said case on record will more fully show ; which record, return and proceedings, defendants introduce and make a part of this answer." The answer was sworn to by Davis. Afterwards, defendants amended their answer to this effect :

" That they have been informed that plaintiff claims to have purchased the mining claim mentioned in his complaint from one James Finney; but defendants aver that, if such conveyance was made, it was in fraud of the rights of defendant, J. W. Bradley, and made for the purpose of delaying and hindering him from collecting a debt due from F. M. Rowe to him, which debt was the same sued for in the case of J. W. Bradley v. F. M. Rowe in this Court, the record of which suit is made a part hereof; and that said purchase was made by F. M. Rowe, defendant in the last mentioned suit, and the money therefor furnished by him, and the name of A. C. Rowe used in said conveyance from Finney to deceive and defraud said defendant, J. W. Bradley." This was sworn to by Bradley.

One Finney, the vendor of the claim to Rowe, to whom was due a part of the purchase money, was examined as a witness. It is assigned as error, that he was admitted to testify when he was incompetent. The question before the jury was not as to the original title as it stood before the witness sold, but as to whether the claim belonged to plaintiff, F. M. Rowe, as whose property it was levied on by the officer.

The cause was tried by a jury, and a verdict had for plaintiff for $2,000, on which verdict there was judgment, from which the defendants appealed to this Court.

*H. B. Crossette & R. H. Taylor* for Appellants.

Appellants insist that there are but two acts that can be charged as wrongs, and that these were committed by the Sheriff of Sierra county in the discharge of his duty; neither of which constitute a trespass, as charged in respondent's complaint.

These acts are—*First.* In attaching the right, title and interest of F. M. Rowe in and to the said mining claims; and,

*Second.* In receiving the gold dust or coin from Peter Lyre, co-tenant, in satisfaction of Bradley's judgment.

1st. In regard to the first act, it is not denied that George Davis was a regularly appointed and qualified officer, acting under a precept duly issued from a Court of competent jurisdiction; that he found F. M. Rowe in possession of this mining interest; that he legally served him as commanded; that at this time he knew nothing of the preten-

Rowe *v.* Bradley.

sions of A. C. Rowe, or any other person, other than F. M. Rowe, to the ownership of the mining interest. And we say that it was not his duty, nor had he, as a ministerial officer, the right to investigate the title to this interest; that the finding F. M. Rowe in possession was a sufficient justification as to him.

2d. In regard to the second act. He (the Sheriff) received a certain amount of gold dust, or coin, the profits of this interest, from the hands of Peter Lyre, a co-tenant in these claims. This dust or coin, separated from the claim, formed a distinct species of property, and I can no more conceive of an officer rendering himself liable to an action of trespass on a mining claim, by receiving the dust or coin after its separation therefrom, than I can conceive an action of trespass would lie for an injury done to meadow land, for taking the grass, which grew upon it, but which has since been separated and become an independent species of property.

If there was any wrong committed in relation to this matter, it was committed by Peter Lyre; and if A. C. Rowe was the real owner of this claim, then the action of trespass would not lie against him; for the appropriation of the entire profits by one tenant in common, will not justify an action of trespass by his co-tenant; nothing short of an actual ouster will justify this action.

3d. In regard to the admission of F. M. Rowe's testimony, we say it was error, for the reason that fraud was directly charged against him; that this was the main issue in the case; that this was permitting him to come in and purge himself of the charge. It is true, that his interest, in dollars and cents, could not have been clearly ascertained, but we understand, as a well-settled principle, that it is not the province of Courts to weigh the amount of temptation which witnesses can endure, but to see that they have no temptation at all.

4th. In regard to excessive damages, the testimony shows (and that not clearly) that but $1,745 was taken out, but the testimony does not show how much of this was paid for expenses, which in all cases are deducted; but in any event there is an excess of two hundred and fifty-five dollars. That this excess was given under the influence of passion or prejudice, there is no doubt.

---

Rowe *v.* Bradley.

---

*Vanclief & Stewart* for Respondent.

BALDWIN, J., delivered the opinion of the Court—FIELD, J., concurring.

One Finney, the vendor of the claim to Rowe, was examined as a witness. It is assigned as error, that he was admitted to testify when he was incompetent. The question before the jury was not as to the original title as it stood before the witness sold, but as to whether the claim belonged to plaintiff, F. M. Rowe, as whose property it was levied on by the officer.

It is true that the witness had not been paid all the purchase money; but this made no difference. This was not an action to try the title; and if it were, in this state of the question before the jury, the vendor, for all that appeared, was a competent witness.

Another assignment of error is, that no trespass was committed, because the officer found F. M. Rowe, the debtor in attachment and judgment, in possession, and therefore had a right to seize the property. But the very question of fact was, who was in possession? and the possession of real estate usually follows the ownership. The mere fact that F. M. Rowe was on A. C. Rowe's ground, is no justification to the officer to go there and dig up the soil, or take the earth or gold taken from the land.

The next error assigned is, that no ouster was made, but merely the rights, title and interest of the judgment debtor attached; but no ouster in this sense is necessary to maintain an action of trespass; any unlawful entry is enough. And the officer, when he put a Receiver in possession of plaintiff's property, or asserted through himself or another an unlawful dominion over another's property, is a trespasser. There is no difference between the officer going, without right, upon the plaintiff's land, and getting Lyre to seize or take the plaintiff's gold or earth, and doing it himself.

In both cases, such an act is a trespass and conversion; and all concerned, aiding and abetting, are original trespassers. It is not the case of a co-tenant paying over money or gold dust to the Sheriff, but

the Sheriff getting the co-tenant to aid him in seizing and taking property of the plaintiff.

The next objection is, that the damages were excessive.   There was some evidence tending to show that in a few weeks the amount coming to the plaintiff's share was $1,745.   The jury might infer that some additional amount was taken out the balance of the time.   Besides, there is no specific denial of the amount of damages laid in the complaint, though there is of the alleged causes of damage.

It may well be doubted, indeed, if the answer put in issue any fact except the fact of ownership, and of the levy, etc., as the property of F. M. Rowe.

Some technical exceptions are taken, but they were not made below, and we cannot consider them for the first time here.

The judgment is affirmed.