# BENJ. H. RAMSDELL v. JANE E. FULLER AND RAYMOND SUMMERS.

SEPARATE ESTATE OF WIFE.—Property purchased during coverture with funds which constitute a part of the separate estate of the wife, will also be her separate estate.

CLOUD UPON THE TITLE OF A MARRIED WOMAN'S PROPERTY.—A mortgage executed by the grantee of the husband upon property purchased with funds belonging to the

| 28 | 37 |
| 78 | 62 |
| 28 | 37 |
| 83 | 529 |
| 28 | 37 |
| 85 | 284 |
| 28 | 37 |
| 95 | 327 |
| 28 | 37 |
| 101 | 565 |
| 28 | 37 |
| 124 | 218 |

separate estate of the wife, and deeded to the wife during coverture, is a cloud upon the wife's title which a Court of equity will remove.

PROPERTY PURCHASED DURING COVERTURE.—The presumption is that property conveyed to the wife for a money consideration is common property; but this presumption may be rebutted by showing that it was purchased with money belonging to her separate estate.

PURCHASE FROM HUSBAND OF PROPERTY DEEDED TO WIFE.—Parties purchasing of the husband real estate deeded to the wife for a money consideration during coverture, do so at their peril. The record of the deed to the wife is notice to all the world that the land *may be* the separate property of the wife, and is sufficient to put purchasers upon inquiry.

MORTGAGE ON SEPARATE ESTATE OF WIFE.—If land is purchased with funds belonging to the separate estate of the wife, and the deed, expressing a money consideration, is executed to the wife during coverture, and recorded, and the husband afterwards sells the land, the wife not joining in the deed, and his grantee executes a mortgage on the same to one who has no notice other than the record of the deed to the wife that it was purchased with the separate funds of the wife, the mortgage will be set aside by a Court of equity, although the deed on its face did not state that the consideration paid was the separate estate of the wife. The fact that the title stands in the name of the wife is sufficient to put parties dealing with land upon inquiry.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The facts are stated in the opinion of the Court.

*Walter Vandyke,* for Appellant.

Section nine of the Act defining the rights of husband and wife, provides that "the husband shall have the entire management and control of the common property, *with the like absolute power of disposition as of his own separate estate.*"

Under this provision of our statute it is not questioned, as I understand, that the husband, Silas Fuller, had a perfect right to convey the premises to Lawrence at the date of his deed, provided it were common property.

The statute says: "All property acquired after the marriage, *by either husband or wife,* except," etc., "*shall be common property.*" There is no exception in regard to such property as may be so acquired by the separate funds of either. The *legal title* to such property is in the community, although in *equity* it may be the separate property of one or the other. Suppose the property be purchased in the name

of the husband, or both, but with the wife's separate funds, although, as in the present case, nothing to show that fact on the face of the deed, it will hardly be claimed that he could not convey the legal title of the same to an innocent purchaser for value, unencumbered of the wife's claim to such property. If so, then the husband in the present case could convey the legal title, for the statute and our decisions say that it makes no difference in whose name it stands so that it be acquired by purchase.

The wife surely can stand in no better position in respect to her separate property than other people. The most that can be claimed is that her rights in regard to property are the same as the husband's.

In this extreme view of the case in favor of the wife, how does the law stand? If an estate be purchased in the name of one person and the consideration money belong to or be paid by another, a trust results therefrom, and the former thereby becomes a trustee for the latter. (1 Saunders on Uses and Trusts, 352, and cases cited in note *a*.)

So if a partner buys land in his own name with the partnership funds. In all such cases, although the legal title is in the grantee named in the deed, yet in equity the estate belongs to the party whose funds purchased it. The legal title then being in the community in this 'case, notwithstanding in equity the estate belonged to the wife, the husband possessed the right to dispose of the same. (See the Statutes and cases cited from our State Reports.)

The estate being, however, as between them, subject to the trust or equitable interest in favor of the wife, all persons who should purchase from the husband with notice of such trust or interest, would hold the estate subject to said trust the same as the husband held it. On the other hand, the law is equally clear and without exception that one who should purchase of the husband for a valuable consideration without notice, would hold the estate discharged of the trust or equitable claim of the wife. (1 Saunders on Uses and Trusts, 351, star page; Dart. on Vendors and Purchasers, 390, star page;

1 Story's Eq. Juris. 396, § 410 ; 1 Greenleaf's Cruise, 371, § 88 ; Willard's Eq. Juris. 248, 249 ; *Somes* v. *Brewer*, 2 Pick. 184.)

*A. & H. C. Campbell*, for Respondent.

We contend : That while a deed to a married woman for a valuable consideration expressed is *prima facie* evidence of common property, (12 Cal. 224, *Smith* v. *Smith ;* 16 Cal. 557, *Mott* v. *Smith ;* 12 Cal. 254, *Mayer* v. *Kinzer*,) that it is only *prima facie* so, and like any other presumption, may be rebutted by evidence fully and clearly proving that the consideration paid was the separate property of the wife. The burden of proof rests on the wife.

The law allows a wife ́ separate property. She has the deed. It *may* be her *own*, it *may* be common property. A purchaser from the husband is presumed to know the law. He is bound to know the husband's alleged title ; and in this case it is of record through deed to the wife. The question of ownership is an open one, and he is put on his guard and bound to inquire. If he neglect to inquire, he takes the risk and must abide the result. He may collude with a knavish husband to cheat the wife, or he may shut his eyes and purchase in a blind stupidity, and call it good faith. In neither case will the law aid him to deprive the wife of that which the same law confirms to her. *Vigilantibus non.*, etc.

Mr. Justice Story, (1 Story's Eq. Ju., Sec. 403,) says : " It is uniformly held that the registration of a ́ conveyance operates as constructive notice to all subsequent purchasers of any estate legal or equitable in the same property."

And in section 400 : " Whatever is sufficient to put a party upon inquiry (that is, whatever has a reasonable certainty as to time, place, circumstances, and persons) is in equity held to be good notice to bind him."

Here plaintiff had notice of this deed by the record. It gives time, (during the marital relation,) circumstances, (the payment of the consideration by some one,) and persons, a married woman and her husband. He should have inquired.

In confirmation of these views we refer to the following cases, some of which are cited with approval in *Smith* v. *Smith*, 1 Texas, 354; *Pich* v. *Willard*, 7 Texas, 13; *Ward* v. *Wheeler*, 7 Texas, 6; *Love* v. *Robertson*, 8 Texas, 242.

By the Court, SAWYER, J.

On the 13th of November, 1856, the premises described in the complaint, for a consideration expressed in the deed of $3,000, were conveyed by one George W. Brown to the defendant, Jane E. Fuller, who was then the wife of Silas Fuller. The purchase money was paid out of funds belonging to the separate estate of Mrs. Fuller. On the third day of November, 1859, Silas Fuller, at that time the husband of defendant, Jane E. Fuller (but who was very soon afterward separated from her by a decree of divorce), executed a conveyance of said premises to L. L. Lawrence. Said Lawrence, on the 11th of August, 1860, conveyed to defendant Summers. These deeds were regularly acknowledged and recorded. Both Lawrence and Summers took their respective conveyances with actual knowledge of the fact that the consideration of the conveyance from Brown to defendant, Jane E. Fuller, was paid out of the separate estate of Mrs. Fuller. On the 15th of June, 1861, defendant, Summers, executed the mortgage in suit to one Alexander G. Ramsdell, to secure the note set out in the complaint, which note and mortgage were afterward assigned to plaintiff. There is nothing, other than the record of the deed from Brown to Jane E. Fuller, to show that plaintiff, or his assignor, the mortgagee in said mortgage, had notice at the time of the execution and assignment respectively of said mortgage, that Mrs. Fuller claimed the land, or that the purchase money was paid to Brown out of her separate estate. Subsequent to the execution of the mortgage, the defendant, Jane E. Fuller, in an action instituted for that purpose against defendant, Summers, recovered the premises in question. Plaintiff brought this action to foreclose the said mortgage, making Mrs. Fuller a party defendant.

The defendant, Jane E. Fuller, in her answer, set up her title as aforesaid, alleging plaintiff's mortgage to be a cloud upon it, and asking, as affirmative relief, that the said mortgage be declared null and void as against her, and that the same be set aside, and be removed as a cloud on her title to said premises. The facts having been found upon the trial as herein stated, a judgment was entered in accordance with the prayer of the answer of defendant, Jane E. Fuller; and from that portion of the judgment this appeal is taken.

Conceding Mrs. Fuller to have a valid title as against the plaintiff's mortgage, there can be no doubt that the mortgage is a cloud upon it, which will be removed, within the principle of the case of *Pixley* v. *Huggins*, 15 Cal. 130, and numerous other cases. Property purchased during coverture with funds which constitute a part of the separate estate of the wife, will also be her separate estate. Such a transaction would only be changing the *form* of the property, which is already held as separate estate, without in any degree affecting its character as separate property.

In *Houston* v. *Curl*, 8 Texas, 242, the Court say: "It is the settled doctrine and law that property purchased during the marriage, whether the conveyance be made to the husband or wife separately, or to them jointly, is presumed to belong to the community. *This presumption may be rebutted by clear and satisfactory proof that the purchase was made with the separate funds of either husband or wife—in which case it remains the separate property of the party whose money was employed in the acquisition.*" (See, also, *Meyer* v. *Kinzer*, 12 Cal. 252.)

The power to change the form of the investment, without impairing the right of the wife, is absolutely essential to the full beneficial enjoyment of her separate estate.

A presumption arises from a conveyance to a married woman upon a money consideration that the property conveyed is common property. But this is only a presumption of law arising from the fact, that a purchase has been made during coverture, and the real character of the transaction may be shown. It is much easier for the party purchasing

land to show affirmatively, that the funds used are separate property of the party purchasing, than for others interested to show negatively that they were not. The evidence is peculiarly within the knowledge and control of such party. For these and other reasons, when the fact is required to be proved, the law throws the burden of identifying the funds as a part of the separate estate upon the party claiming the benefit of such estate.

In this case it was shown to the satisfaction of the Court, that the premises in question were purchased with funds belonging to the separate estate of the wife. They became, therefore, in fact, her separate property. The conveyance was upon its face to the wife. The apparent record title was in her, and not in her husband, Silas Fuller. The deed is sufficient in law to convey a title to the wife, but whether it did, in fact, convey an estate in common, or a separate estate, manifestly depended upon a fact *dehors* the deed. Ostensibly the intent was to vest the title in the grantee named, Jane E. Fuller. It did not appear on the face of the deed that the grantee was a married woman—or that, being a married woman, the consideration was paid out of her separate estate. The deed, then, so far as shown on its face, might have conveyed a title absolute to a *feme sole;* a separate estate to a *feme covert;* or an estate in common to husband and wife. Upon the best view for plaintiff, the deed upon its face was equivocal. But it afforded to all persons seeking to acquire title under it a clue to the title, which they were bound to pursue, or suffer the consequences of their laches. The grantee is a woman. The presumption of law is that she is sole, and *prima facie* a conveyance from her would pass the title. But she may be married, and her deed may not pass the title. The fact as to whether she is married or single, all parties dealing with the land must ascertain, or omit to do so at their peril. So, also, if a grantee of a conveyance for a money consideration is a married woman at the date of the conveyance, *prima facie* a conveyance by the husband in his own name, of the land so conveyed to the wife, will be presumed to pass the title; but

in fact it may not, for the reason that the land may still be the separate property of the wife, which he has no power to convey. And in such cases, as in the case last mentioned, all parties claiming title through the husband to lands, the title to which never stood in his name, must ascertain, at their peril, whether he did in fact have the power to convey.

The record title in this case was notice to all the world, that the land in dispute might be the separate property of Mrs. Fuller, and every party dealing with it, did so at his peril. The plaintiff was by the record put upon inquiry as to the true condition of the title. The grantee upon the record was capable of taking the land, and was a different person from the one from whom the plaintiff derives his title. If the plaintiff did not avail himself of the means afforded by the record to ascertain the true state of the title, it is his own fault, and he cannot claim to be an innocent purchaser. He stands in no better position than he would had he taken his mortgage from Fuller himself. We think the judgment fully supported by the pleadings and the facts found.

It is therefore affirmed.