## POLLY PECK v. J. W. BRUMMAGIM et als.

GIFT BY HUSBAND TO WIFE.—The husband, when free from debts and liabilities, may make a gift to his wife of either real or personal property which at the time was the common property of the husband and wife, and the same will become her separate property, and·will not be liable for debts by him afterwards contracted.

IDEM.—If the husband purchase land and pay for the same out of the common property, and direct the conveyance to be made to the wife as a gift, it vests the title in her.

DEED TO EITHER HUSBAND OR WIFE.—The presumption that land is the common property of husband and wife, when the conveyance is made to either and recites a valuable money consideration not stated to have been the separate property of either, is not a conclusive presumption of law, but parol evidence may be introduced to show that the title was taken as the separate property of one of the spouses.

IDEM.—Whether the above rule applies as against those who have bought from the husband without notice, relying on the apparent title, not decided.

ERECTION OF HOUSE ON WIFE'S SEPARATE PROPERTY.—If the husband uses money which is the common property of the husband and wife in erecting a house on land which is the separate property of the wife, the house, if it is a part of the realty, becomes the separate property of the wife.

ADMINISTRATOR OF DECEASED HUSBAND.—The administrator of a deceased husband cannot maintain any claim against the surviving wife in relation to property

claimed by her as her separate property, which the deceased husband could not have successfully asserted in his lifetime.

CREDITORS OF DECEASED HUSBAND.—If the husband has during his lifetime conveyed property to his wife so as to make it her separate property, without making the conveyance to defraud his creditors, the general creditors after his death cannot have it declared common property, for the purpose of applying its proceeds in payment of their claims, nor can they enforce a lien thereon for that purpose.

LIEN ON WIFE'S SEPARATE PROPERTY.—If the husband, at his own instance, expends money which is common property in building a house on land the separate property of the wife, he has no lien on the house or lot therefor, nor have his creditors after his decease.

ACTION CONCERNING WIFE'S SEPARATE PROPERTY.—In an action by a surviving wife against the administrator and creditors of the deceased husband, to enjoin a sale of her separate property for payment of his debts, the Court will not direct in what manner a mortgage given by the husband and wife on both common and separate property, shall be satisfied.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

Plaintiff, on the 5th day of February, 1863, was and had been for some time the wife of George Peck, and continued so until his decease, which occurred on the 13th day of June, 1864. He died intestate. Defendant Brummagim was appointed his administrator. On said 5th day of February, 1863, George Peck was worth upwards of seventy-five thousand dollars, and owed no debts. On the same day he purchased from Thomas Young a fifty vara lot in the City of San Francisco, and paid therefor the sum of thirty-eight hundred dollars, and also assumed a mortgage of nine hundred dollars then on the lot. The purchase money was paid out of the common property. By direction of Mr. Peck, Young conveyed the lot to the plaintiff. The deed upon its face recited the consideration as having been paid by plaintiff, without stating whether it was her separate property or the common property of the spouses. It also recited that the grantee was a married woman, the wife of George Peck. When the purchase was made, and when Young was directed to convey to the wife, George Peck declared that he made and intended to make said lot a gift to plaintiff. After February 5th, 1863, and prior to his death, George Peck expended about eighteen

thousand dollars in the erection of a dwelling house on the lot. The money thus expended was common property.

At the time of the death of George Peck he was largely indebted, but none of the debts were contracted until more than one year after the lot was conveyed to his wife. The condition of the estate was such, that if said house and lot was declared the separate property of the wife, the proceeds would not pay all the claims. The administrator claimed that it was common property, and as such he was procuring an order of the Probate Court to sell it. The surviving wife commenced this action to enjoin the sale and have it declared her separate property. The creditors of the estate were made defendants along with the administrator.

Plaintiff averred in her complaint that one of the defendants, James R. Bolton, had a mortgage on the house and lot, and also on a lot belonging to the estate which was common property, given him by plaintiff and her husband during his lifetime, to secure the sum of twelve thousand dollars, and asked that the mortgage be adjudged to be paid out of the general assets of the estate. The defendants had judgment in the Court below and plaintiff appealed.

The other facts are stated in the opinion of the Court.

_Patterson, Wallace & Stow_, for Appellant. Had the _deed_ from the husband to the wife purported on its face to be a gift it would have been her _separate_ estate. (_Kohner_ v. _Ashenauer_, 17 Cal. 578; _Barker_ v. _Koneman_, 13 Cal. 10.) The _deed_ conveyed the title to plaintiff, (_Ramsdell_ v. _Fuller et al._, 28 Cal. 37; _Jencks_ v. _Alexander_, 11 Paige, 623,) and purports to do so on its face. It was competent for plaintiff to show that it was a gift. (_Ramsdell_ v. _Fuller_; _McDonald_ v. _Badger_, 23 Cal. 393; _Hart_ v. _Robertson_, 21 Cal.) There can be no difference in principle, in permitting parol evidence to show the property was purchased with the separate estate of the wife, and that it was intended as a gift by the husband. (_Hart_ v. _Robertson_, 21 Cal. 346.) The Court finds it was a gift; and it was as competent for the _husband_ to make a gift

by having Young convey to plaintiff, as himself to convey to her. None of the present creditors can complain. Their debts did not accrue for more than one year subsequent. The deed was *notice* to them that the wife claimed the property. (*Ramsdell* v. *Fuller; Jencks* v. *Alexander*, 11 Paige, 623.)

*Edward Tompkins*, for Respondent Hawley, argued that, as in this case the deed recited that Polly Peck was a married woman and the wife of George Peck, and recited a consideration, and as it did not recite the conveyance as a gift, or that the grantee had any separate estate in the property, the case of *Ramsdell* v. *Fuller* did not apply. He contended that as the deed on its face made the lot the common property, parol evidence could not be received to make it the separate property of the wife, and that the fact that the husband said he intended to give the lot to his wife did not avail anything until the intention was carried into effect.

*Mr. Winans*, for the Respondent the Pacific Bank, argued that the finding of fact did not show a gift, as, to constitute parol proof of a gift, the intention must be clearly established; and cited *Neufville* v. *Thompson*, 3 Edwards Ch. 92; *Harrison* v. *McMennomy*, 2 Edwards Ch. 256; *Meyer* v. *Kinzer*, 12 Cal. 247; and *Hunter* v. *Hunter*, 19 Barb. 635; and that the oral statements of George Peck were merged in the written deed executed afterwards, and that the legal effect of the deed could not be impaired by antecedent declarations; and cited *Conner* v. *Clark*, 12 Cal. 171. He also argued that the property conveyed being common property, could not be made the subject of a gift; and cited *Meyer* v. *Kinzer*, 12 Cal. 247; *Barker* v. *Koneman*, 13 Cal. 10; and *Beard* v. *Knox*, 5 Cal. 256.

By the Court, RHODES, J.:

The Court found in this case that at the time when the conveyance of the premises in controversy was executed to the plaintiff, her husband, George Peck, now deceased, was

worth a large sum of money and was owing no debts; that none of the claims against the estate of the deceased accrued until the expiration of more than a year after the conveyance was recorded; that the purchase money expressed in the deed was paid by the deceased, and the same was not the separate property of the plaintiff; that by his direction the premises were conveyed and the deed was delivered to her, and that the sum of eighteen thousand dollars of the community funds was expended in the erection of a house on the lot before the death of George Peck. In respect to the alleged gift by him to her, the Court finds as follows: " XIV.—Deceased at the time of making such purchase, and at the time of directing said deed to be made to plaintiff, declared that he made and intended to make said lands a gift to plaintiff, and directed and caused said deed to be made to plaintiff as party of the second part thereto, in order to vest the title in plaintiff as a gift to plaintiff and as plaintiff's separate property." The Court ordered judgment on the findings for defendants. The plaintiff appeals from the judgment, and brings the case here upon the judgment roll alone.

Counsel disagree as to the meaning of the finding respecting the gift, the plaintiff holding that the Court found a gift in fact, and the defendants insisting that the intention to make the gift was all that was found. This question must be settled before proceeding to ascertain the legitimate conclusions to be drawn from the facts found in the case. It appears, we think, from the fourteenth and three preceeding findings that the two events mentioned in the fourteenth finding—the making of the purchase and the directing of the deed to be made to the plaintiff—were cotemporaneous. The Court states that at that time the deceased " declared that he made and intended to make said lands a gift to the plaintiff," and he also " directed and caused said deed to be made to plaintiff, * * * in order to vest the title in plaintiff as a gift." This is a finding that he declared both that he intended to make and did make a gift of the lands to his wife, and that he in fact made her a gift of the lands, so far as that result could be

accomplished by causing the lands to be conveyed to her with that purpose. That portion which relates to his declarations is matter of evidence, rather than of fact, and the declaration of his intention to make the gift is not material, for if the intention is not carried into effect it is unavailing for any purpose, and if the gift is made the intention to make it is necessarily implied.

It will be conducive very much to a clear understanding of the questions involved in the case to consider them first as arising between the plaintiff and the heirs of George Peck. It being found that the purchase money was not the separate property of the wife, and it not being found that it was the separate property of the husband, it will be presumed to have been their common property. The land having been purchased with the community funds, may be considered as occupying the place of the purchase money, and it may be substituted for the money, for the purpose of the decision, for there is no rule prohibiting the husband from making, or restricting him in making, a gift of land that is not applicable to a gift of money. The heirs occupy the place of their ancestor, and cannot claim any other or greater right in the property than he could maintain. If the intended gift is found to have been so made as to be legal and valid as to him, it will be equally binding upon the heirs, for they succeeded only to such right or title in the lands as he held at the time of his death.

Treating the lands as the common property of George Peck and his wife, the questions to be determined are: First—Was it competent for the husband to make a gift of the common property to his wife? Second—Were the means adopted by him in making the gift sufficient to vest the title in her? Third—If the title to the land did vest in her, did the title to the house also pass to her? Fourth—Do the creditors of the estate of the deceased occupy such a position that they are better enabled than the heirs to defeat the claim of the plaintiff to hold the property as a gift?

I. The first question has not been decided by this Court. The defendants rely upon *Barker* v. *Koneman*, 13 Cal. 10,

and *Kohner* v. *Ashenauer*, 17 Cal. 578, as holding that the husband's power to make a gift is limited to his separate property. In the first case the plaintiff, who claimed under a deed from the husband, sought to recover the lands against a prior deed of the husband executed for his wife's benefit to a trustee, in pursuance of an ante-nuptial contract; and the Court say it is not material whether the deed was executed as it purports, for it is good as a deed of gift, and the facts of the case in that view are recited, and among them is the fact that it was his separate property. His power to convey as a gift the common property was not in question. Nor was the question involved in *Kohner* v. *Ashenauer*. The action was brought for the foreclosure of a mortgage executed by the husband, and to set aside a deed of the premises previously executed by the husband to his wife. It was not alleged in the complaint that the deed was executed before marriage, or as a gift to the wife; and the Court in considering the demurrer interposed by the wife, on the ground of the want of facts sufficient to constitute a cause of action against her, held that under the allegation of the complaint the premises, after the conveyance to her, still remained common property, but did not determine the extent of the husband's capacity to make a gift to his wife, for the point could not arise on the pleadings, as it was not averred that the husband conveyed the premises to her as a gift. And at the conclusion of the opinion the Court expressly decline to decide the point.

The counsel for the defendants do not cite any authority in direct support of their position; and in our opinion it is not sustainable on principle. No good reason is perceived why the husband, while free from debts and liabilities, may not make a gift to his wife of either real or personal property which at the time was the common property of the husband and wife. The statute confers upon him the like absolute power of disposition of the common property, as of his own separate estate; but there is this necessary restriction upon his power, that he cannot make a voluntary disposition with the view of defrauding or defeating the claims of the wife, as

was held in *Smith* v. *Smith*, 12 Cal. 216. This springs from the relation of the parties and their title to the property, both spouses being jointly entitled to the property, though the husband has the entire management and control of it and can pass the title in his name alone. All persons occupying a fiduciary relation are in like manner disabled from disposing of the trust property for the purpose of defrauding those who are interested in it. But this principle has no operation where the voluntary disposition is made to the wife; and even if it has, it would be difficult to see how the husband could avoid the consequences of his own acts on that ground. His heirs occupy no better position in this respect than he did. " The law," says Mr. Justice Field in *Barker* v. *Koneman*, " allows, and even regards with favor, provisions made by the husband when in solvent circumstances, for the wife and family against the possible misfortunes of a future day, by setting apart a portion of his property for their benefit." Every consideration that can be urged in support of the provisions for the wife, when made out of the husband's separate estate, concur in sustaining the settlement when made from the common property; and in our opinion there is no valid objection to the husband's resorting to the common property for that purpose. Several of the cases cited from the Texas reports in *Peck* v. *Vandenberg*, 30 Cal. 50, 39, support this view. (See *Smith* v. *Strahan*, 16 Texas, 320; *Higgins* v. *Johnson*, 20 Texas, 393.) The facts in the latter case were very similar to those in this, and the decision is in entire harmony with our opinion.

·II. The deed that George Peck caused the vendor of the lands to execute and deliver to the plaintiff, when taken in connection with the fact that he purchased the lands and directed them to be conveyed to her as a gift, was sufficient to invest the title in her. The rule contended for by the defendants, that when the deed, whether to the husband or the wife, recites a valuable consideration which is not stated to be the separate property of either, the presumption of law is that the lands are common property, is correct, and is sustained by

the current of authority in this State and the States of Louisiana and Texas. (See *Ramsdell* v. *Fuller*, 28 Cal. 37, and cases above mentioned.) This presumption, however, is not a conclusive presumption of law, but may be disputed, and the true state of the facts may be shown, whereby it may be made to appear that the title was taken as the separate property of one of the spouses—that is to say, evidence is admissible for that purpose against those who have not acquired some right in or to the lands for a valuable consideration, without notice, and relying in good faith upon the apparent title; but whether it is admissible against them also, it is unnecessary now to express an opinion. The question presents the same features it would if it arose between husband and wife, and related to a deed that recited that the purchase money was paid out of the separate estate of the husband or of the wife, and must receive the same solution. Neither the husband nor wife is estopped from showing against the other the true nature of the consideration of the deed, and from whom it proceeded. Between them, or between one of them and the heirs of the other, no questions of notice can arise. The true facts are admissible, notwithstanding the legal presumption, on the same principle and for the same purposes, as they are when a vendor undertakes to establish that his conveyance, which on its face is an absolute deed, is in fact a mortgage, or where the person who has paid the purchase money shows that the title, though on the face of the deed it appears to have been conveyed to another, was in fact so taken for the use of the person furnishing the money. It is unnecessary to pursue the subject further, as it is fully discussed in *Ramsdell* v. *Fuller*, and the decision there, with which we are well satisfied, is decisive of the question as presented in this case.

III. The Court finds that the money expended in the erection of the dwelling house on the lot in controversy was the community property of the plaintiff and her husband, and the house having been built before the death of the husband, the presumption is that he made the expenditure. The question

is, who was the owner of the house when it was built under those circumstances? It admits of only one answer—the owner of the lot was also the owner of the house. It formed a part of the real estate, and the title to the house is necessarily included in the title to the lot on which it is erected, in the absence of an agreement sufficient to pass the title to the house alone. In *Smith* v. *Smith*, 12 Cal. 226, the Court very properly held that the husband, having deliberately placed the building on the property of others—the property he had given to his children—cannot have any claim upon it or its proceeds. (See, also, *Humphreys* v. *Newman*, 51 Maine, 40.)

IV. The administrator of the deceased cannot maintain any claim against the plaintiff that the deceased could not have successfully asserted in his lifetime, and we have seen that *he* had no right or title to the premises, including both the house and lot in suit. The general creditors of the estate insist that the house must be considered common property—at least that their claims against the estate are valid liens upon the premises to the extent of the value of the house. They, like the administrator, are limited by the lines bounding the rights of the husband, except in cases of a disposition of his property for the purpose of defrauding his creditors—which is not found or alleged in this case. The case is not like that of *Smith* v. *Smith*, which was brought by the wife for a divorce and a division of the common property, the wife alleging that for the purpose of depriving her of the common property and defrauding her the husband had purchased real estate in the names of his children by a former marriage, using a portion of the common property in making the purchase, and had expended a further portion of the common property in erecting a building on the land. The Court was satisfied from the evidence that the common property was so invested for the purpose of defeating the claim of the wife to the common property. If it had appeared that the wife had assented to or participated in the appropriation of the common property, knowing that the title to the lots was in the husband's chil-

dren, her complaint that such appropriation was .fraudulent as to her or was calculated to defeat her just claims to the common property would not have been listened to. There is no similar or analogous ground in this case upon which the husband or those claiming under him can proceed.

The money was expended by the husband on his wife's property, so far as the case shows, at his own instance. We do not undertake to say that the expenditure was or will be presumed to have been gratuitous, but no lien upon the lot or house arose in his favor by reason of his expenditure of the common property in the erection of the house. The law defining the rights of husband and wife has not given such lien, and on principle and in analogy to cases where the marital relation does not exist between parties in which one owns the land and the other.appropriates his money or labor to its improvement, we are satisfied that equity will not infer or establish a lien.

If the expenditure of the common funds by the husband was not in fact or should not be deemed gratuitous, the claim for repayment could not be established or enforced in this action. · It is as foreign to the objects of the action as would be a claim for personal services that he may have rendered in attention to her separate estate.

The mortgage of Bolton is a lien upon the property, according to its terms. The making of the note by George Peck and the execution of the mortgage by him and the plaintiff to defendant Bolton stands admitted on the pleadings, and the mortgagee is entitled to the usual remedies. The consideration of the note was presumptively common property, and the husband was therefore personally liable, but his death does not give her any better right than she would have, were he living to control the mortgagee in his proceedings to collect the mortgage debt. The complaint does not disclose any grounds upon which the Court should control the mortgagee, for as far as it appears in the complaint he has presented his claim for allowance against the estate, and does not attempt

or threaten to proceed in any manner calculated to injure or impair her rights.

Judgment reversed, and the cause remanded for judgment in accordance with this opinion.

SANDERSON, J., dissenting:

I dissent.