## Case No. 1,334.

### The BENTON.

[24 Int. Rev. Rec. 30; 3 Mich. Lawy. 128; 2 Cin. Law Bul. 329; 10 Chi. Leg. News, 139; 17 Alb. Law J. 98.]

District Court, E. D. Michigan. Oct. Term, 1877.

MARITIME LIENS—SUPPLIES—LIBEL BY PART OWNER.

Where a firm of material men, composed of three members, libelled a vessel in which two members of the firm owned an interest, it was *held* the suit could not be maintained.

On libel of George W. Turner, voluntary assignee of McDowell, Caul & Brett, for coal furnished the propeller Benton. [Libel dismissed.]

It appeared that the Benton was owned by six persons residing in Ohio and Michigan, two of whom were McDowell and Caul. Some time in July, 1877, McDowell, Caul & Brett made an assignment to Turner for the benefit of their creditors, and he filed these libels for coal furnished the propeller by his assignees, to the amount of about six thousand dollars. McDowell, Caul & Brett were equal partners in the coal business, Brett having no interest in the boat. The answer discloses the fact that McDowell & Caul

were each an owner of a one-twelfth interest in the propeller, and the defense was based wholly upon this ground.

F. W. Clark and Alfred Russell, for libellant.

Wisner & Speed, for claimants.

BROWN, District Judge. It was conceded upon the argument that libellant had no greater rights than his assignors would have had, if the libel had been filed by them. If he is entitled to recover, it must be upon the theory that the firm of McDowell, Caul & Brett had a lien upon the shares of McDowell & Caul, or upon the shares of the other part owners. That a material man can have no lien upon his own ship is too clear for argument. The only case that indicates the possibility of such a lien,—Foster v. The Pilot No. 2, [Case No. 4,980,]—in which seamen, who were also part owners, were permitted to libel their own vessel for wages after sale upon execution against them from a state court, was promptly reversed on appeal, by Mr. Justice Grier, in a clear and forcible opinion,—2 Wall. Jr. 592, [Gallatin v. The Pilot, Id. 5,199,]—though the learned judge refused to decide how far a part owner might have a lien upon the shares of his co-owners for advances made or services performed. Not only is the enforcement of the lien against one's own property open to the objection, that a man cannot sue himself at law, but to the further objection, that he ought not to compel his creditors to pay debts which he has contracted and become himself obligated to pay. Part owners are liable in solido for necessaries, and the claims of the ship's creditors might have been collected from the property of McDowell & Caul, without resorting to the other owners. 1 Pars. Shipp. & Adm. 100. To permit, for example, seamen to libel their own vessel for wages, and thus cut out creditors of an inferior class, or to permit material men to share with their creditors in the distribution of their own property, would be not only encouragement to frauds of the grossest description, but utterly inconsistent with our notions of natural justice. If such a thing were possible, the money thus realized by the part owners could be sued for and recovered by creditors who had failed to collect the whole of their claims from the vessel; a circuity of action we can well afford to avoid. That a material man has no lien upon his own property has been repeatedly decided, not only in admiralty, but in cases under the mechanics' lien laws of the several states. Logan v. The Aeolian, [Case No. 8,465;] Phill. Mech. Liens, § 39; Babb v. Reed, 5 Rawle, 151; Stevenson v. Stonehill, 5 Whart. 301; Peck v. Brummagim, 31 Cal. 440. In the case of The St. Joseph, [Case No. 12,229,] the learned judge of the western district decided that the fact that the libellant was the general agent and

3FED.CAS.—17

superintendent of the line of boats, of which the respondent vessel was one, and held sixty thousand dollars of stock of the company, was sufficient proof of his having given credit to the company and not to the vessel. Did the facts call for it, this case might properly be disposed of upon the same ground. In the absence of the clearest evidence to the contrary, the fact that two libellants were owners in the vessel is sufficient to show they did not rely upon the credit of the vessel.

Has a part owner of a ship a lien upon the shares of his co-owners? In Doddington v. Hallet, 1 Ves. Sr. 497, Lord Hardwicke decided that he had, but the case was overruled by Lord Eldon in Ex parte Young, 2 Ves. & B. 242, and after some conflict of authority in New York, the law of England and the United States is not firmly pronounced against the existence of such lien: 1 Pars. Shipp. & Adm. 114; Patten v. The Randolph, [Case No. 10,837;] Hall v. Hudson, [Id. 5,935;] The Larch, [Id. 8,085,] reversing same case, [Id. 8,086;] Macey v. De Wolf, [Id. 8,933;] Mumford v. Nicoll, 20 Johns. 611; Green v. Briggs, 6 Hare, 395; Lamb v. Durant, 12 Mass. 54; Merrill v. Bartlett, 6 Pick. 46; Braden v. Gardner, 4 Pick. 456; French v. Price, 24 Pick. 14; 1 Pars. Shipp. & Adm. 114. It is too late to say whether the interests of commerce might not be promoted by adhering to the principle laid down in Doddington v. Hallet, [supra;] we have only to administer the law as we find it.

It is probably true that if Brett, the third member of the firm, had furnished the coal upon his own account, he might have sustained a libel, but this fact would not enable libellant's assignors, two of whom were interested in the vessel, to maintain the libel, and to recover the whole amount of their bill. Brett's interest, in any case, would only extend to one-third of this amount. It is scarcely necessary to say that he cannot sue to recover this third. Libellant's only remedy is a personal one, and that in a court of equity. This court has no power to entertain a libel for an account between part owners: Hall v. Hudson, [Case No. 5,935;] The Marengo, [Id. 9,065;] The Orleans v. Phoebus, 11 Pet. [36 U. S.] 175; Minturn v. Maynard, 17 How. [58 U. S.] 477; Grant v. Poillon, 20 How. [61 U. S.] 162; Kellum v. Emerson, [Case No. 7,669;] Ward v. Thompson, 22 How. [63 U. S.] 330; 1 Pars. Shipp. & Adm. 116.

A very similar question to the one here involved arose in the case of Thompson v. The Julius D. Morton, 2 Ohio St. 26. Robey and Thompson, plaintiffs, furnished materials and labor in the building, repairing and equipping of a steamboat of which Robey was the owner, and it was held they were not entitled to recover. It is generally true, as stated in The Druid, 1 W. Rob. Adm. 399, that "in all causes of action which may

arise during the ownership of the persons whose ship is proceeded against, I apprehend no suit could ever be maintained against a ship where the owners were not themselves personally liable, or where their personal liability had not been given up as in bottomry bonds, by taking a lien upon the vessel. The liability of the ship and the responsibility of the owners, in such cases, are convertible terms; the ship is not liable if the owners are not responsible; and, vice versa, no responsibility can attach on the owners if the ship is exempt and not liable to be proceeded against." It is conceded that libellant's assignors could not sue the owners of this vessel at common law, since two of their number would be defendants in the same action. While it is true that their rights might be adjusted in equity, and while it is also true that the practice and proceedings of courts of admiralty are in some respects analogous to those of a court of chancery, there is by no means the same flexibility of remedy. In suits in admiralty the legal title only is regarded, and even in libels for possession the equitable owner cannot recover as against the legal title. Part owners cannot, by proceedings in rem, obtain a settlement of their mutual accounts, unless there be a surplus after the payment of all other claims against the ship, when the court, having jurisdiction of the principal case and possession of the proceeds, will direct the remnants to be paid over to the party entitled thereto, and for that purpose may order an account to be stated. The L. B. Goldsmith, [Case No. 8,152.] The libel must be dismissed.