## McPHAIL v. WILLIAMS et al.

### (District Court, D. Massachusetts. January 7, 1890.)

SHIPPING—LIABILITY OF OWNER—LIMITED LIABILITY ACT.

In a libel *in personam* by a material-man for repairs on a vessel, it appeared that the repairs were made and the supplies furnished on the authority of both respondents, each being a half owner in the vessel, and that they were furnished on the order of one of them, with the previous knowledge and consent of the other. *Held,* that, under Act Cong. June 26, 1884, providing that the liability of a ship-owner shall be limited to the proportion of any and all liabilities that his share of the vessel bears to the whole, but that this provision shall not apply to wages due to persons employed by such ship-owner, both the respondents were liable for the whole amount due for such repairs, they being made on the personal contract of each of them.

In Admiralty. Libel for labor and materials.

NELSON, J. This case was a libel *in personam* by a material-man to recover a balance of $322.56 for repairs and supplies furnished to the bark Carib, of which the respondents, Williams & Luiz, were owners. I find, upon the proofs, that the repairs and supplies were furnished at Boston, the home port of the vessel, upon the authority of both respondents, each being a half owner; that they were furnished upon the order of Luiz, with the previous knowledge and consent of Williams; and that the balance claimed has not been paid, and is a proper charge for the work and materials furnished. Upon these facts, the respondent Williams contends that the decree should be so framed as to limit his liability to one-half of the debt, relying on the eighteenth section of the act of June 26, 1884, (23 St. 57,) which provides "that the individual liability of a ship-owner shall be limited to the proportion of any or all debts and liabilities that his individual share of the vessel bears to the whole; and the aggregate liabilities of all the owners of a vessel on account of the same shall not exceed the value of such vessels and freight pending: provided, that this provision shall not affect the liability of any owner incurred previous to the passage of this act, nor prevent any claimant from joining all the owners in one action, nor shall the same apply to wages due to persons employed by said ship-owners." It was decided by Judge BROWN in *The Amos D. Carver*, 35 Fed. Rep. 665, that this statute has no application to the personal contracts of ship-owners. In his opinion the learned judge says:

"The act of 1884, limiting the liability of the owners of a vessel on account of the same, does not, I think, restrict the liability of owners upon their own personal contracts, but only their liability 'on account of the vessel;' that is, the liability that is imposed on them by law, in consequence of their ownership of the vessel, viz., for the contracts or acts of the ship, or her master, without the owner's express intervention."

In Judge BROWN's conclusion, that the act does not extend to contracts entered into personally by the owner, I fully concur. In *Butler* v.

*Steam-Ship Co.*, 130 U. S. 527, 554, 9 Sup. Ct. Rep. 612, Mr. Justice BRADLEY, in delivering the judgment of the court, referring to section 18, says:

"The language is somewhat vague, it is true; but it is possible that it was intended to remove all doubts of the application of the limited liability law to all cases of loss and injury caused without the privity or knowledge of the owner."

If this section was intended to refer to debts and liabilities arising in contract at all, about which some doubt may be inferred from this remark of Mr. Justice BRADLEY, it must be those for which under the law, as it stood before the act, the ship-owner was bound, although contracted without his privity or knowledge. Certainly there was no occasion for congress to legislate to limit the liability of ship-owners on contracts which they enter into personally, or expressly authorize. The libelant is entitled to a decree against both respondents for the whole amount of his claim, with interest thereon from the filing of the libel.

Ordered accordingly.