### RUDOLF v. BROWN et al.

(District Court, S. D. New York. April 14, 1905.)

SHIPPING—LIABILITY OF OWNER FOR SUPPLIES—CONSTRUCTION OF STATUTES.
   Act June 26, 1884. c. 121, § 18, 23 Stat. 57 [U. S. Comp. St. 1901, p. 2945], which provides that "the individual liability of a shipowner shall be limited to the proportion of any or all debts and liabilities that his individual share of the vessel bears to the whole," is to be construed in connection with the limited liability act of 1851 (Rev. St. § 4283 [U. S.

Comp. St. 1901, p. 2943]), and does not apply to personal contracts, so as to exempt a part owner from full liability for supplies purchased by his authority, or with his knowledge and consent.

[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Shipping, §§ 637, 643.]

In Admiralty. Suit against vessel owners to recover for supplies.

Hyland & Zabriskie, for libellant.

Hunt, Hill & Betts, for respondent Brown.

ADAMS, District Judge. This action was brought by Maria J. Rudolf, engaged in the business of furnishing coal and other supplies to vessels in New York, against Charles R. Brown and George D. Barney, as owners of the yacht Impatient, to recover $176.32 for coal, water and wood supplied to her in July and August, 1904.

There is no dispute about the supplies having been furnished. The respondent Barney could not be found for the service of process in this district and has not appeared in the action. The respondent Brown, who was served, claims immunity for more than one-half which he has paid into court.

It appears that the respondents were equal half owners of the yacht. Barney, living in Brooklyn, was the registered master, and apparently managed her financial matters. He collected from Brown his half thereof, but failed to pay the bills, hence this action against Brown, who lived in Yonkers. The testimony shows that both parties occasionally used the boat, but in August it was principally used by Brown.

When the yacht went into commission Barney ordered the sailing master to obtain the supplies of coal, wood and water from the libellant. The question of the liability for more than one-half is now to be determined, under the United States Statutes, and the authorities construing them.

It is provided (Act June 26, 1884, c. 121, § 18, 23 Stat. 57, [U. S. Comp. St. 1901, p. 2945]):

"Sec. 18. That the individual liability of a shipowner, shall be limited to the proportion of any or all debts and liabilities that his individual share of the vessel bears to the whole; and the aggregate liabilities of all the owners of a vessel on account of the same shall not exceed the value of such vessels and freight pending."

The foregoing provisions were extended in 1886 "to all vessels used on lakes or rivers or in inland navigation, including canalboats, barges, and lighters." 24 Stat. 80, c. 421.

It is urged that these acts are in pari materia with the limited liability act of 1851, and that they should be considered together. That act provides (section 4283, Rev. St. [U. S. Comp. St. 1901, p. 2943]):

"Sec. 4283. The liability of the owner of any vessel, for any embezzlement, loss, or destruction, by any person, of any property, goods, or merchandise, shipped or put on board of such vessel, or for any loss, damage, or injury by collision, or for any act, matter or thing, lost, damage, or forfeiture,

done, occasioned, or incurred. without the privity, or knowledge of such owner or owners, shall in no case exceed the amount or value of the interest of such owner in such vessel, and her freight then pending."

Without these acts, seemingly there can be no doubt of the liability of all the part owners, personally or in solido, for the ordinary debts of vessels. The Pilot, 9 Fed. Cas. 1100, 1102; Parsons on Ship. & Admty. 100. In the latter it was said (pages 100–102):

"In general, all the part-owners are liable in solido for the repairs of a ship, or for necessaries actually supplied. * * * If one who has a claim for repairs or supplies receives a part of his claim from one or more of those liable in solido, those who thus pay a part, even if it be their share, or more than their share, are still liable for the residue. And they are thus liable, although the supplier expressly promised to discharge them in consideration of their paying as they did; for their payment alone would not be consideration enough in law to sustain the promise, even if they paid more than their shares, because they were legally bound to pay the whole."

It is claimed by the libellant that Gokey v. Fort (D. C.) 44 Fed. 364, is decisive of this case. That was a question of liability for a bill of repairs upon the schooner J. J. Pharo, in her home port, arising from collision by her own fault. The repairs were ordered by her master, who acted as. ship's husband and managing agent, and ran the vessel upon shares. Recovery was allowed against the owners, notwithstanding a decree limiting their liability,. under the provisions of the foregoing acts of congress. The ground of the decision, was the personal liability of the respondents because of their ownership in the vessel and the repairs having been ordered with the knowledge of some of them.

It was there said by Judge Brown in this connection:

"2. But the respondents were individually liable for the contracts of their managing agent, made in the home port, in the ordinary repair of the vessel, these repairs being known and approved by some of the owners. The Two Marys (D. C.) 10 Fed. 923; Scull v. Raymond (D. C.) 18 Fed. 549. It has been held that the limitation provided by the act of 1884 upon the liabilities of the owners 'on account of the ship' does not extend to their personal contracts, but only to the debts and liabilities that arise out of the navigation or business of the ship, or from the contracts of the master, under his general powers in the course of the voyage. The Amos D. Carver [(D. C.) 35 Fed. 665]; McPhail v. Williams (D. C.) 41 Fed. 61. Such has long been the construction of the broad provisions of the ordinance of Louis XIV., as well as of the similar provisions of section 216 of the Code of Commerce, (1 Valin, Comm. 568;) Emerigon, Cont. à la Grosse, c. 4, § 11; 2 Desjardin, Droit, Com. Mar. §§ 283–286; 2 Valroger, Com. du Code de Com. § 256. And, in general, repairs made in the home port by the owners, or by their authorized agent, are treated as the personal debts of the owners, and cannot be discharged by a surrender of the vessel."

* * * * * * * * * * * *

"Construing the acts of 1884 and 1851 in the light of these decisions, and of the general maritime law which it was their purpose to introduce into our jurisprudence, I must hold that the decree set up in the answer, limiting the liability of the respondents. as a decree based on claims growing out of a subsequent voyage, does not affect the libelant's prior demand. and that this prior demand was from the first a personal liability of the respondents, and not subject to limitation at all;"

In The Republic, 61 Fed. 109, 9 C. C. A. 386, in which limitation of liability was sought, it was refused because the corporation

owning the barge, concerning which the limitation was sought, failed to make a sufficient examination to discover the weakness and rottenness of certain parts. It was there said by Wallace, J., speaking for the Circuit Court of Appeals (page 113, of 61 Fed., page 390, of 9 C. C. A.):

"We do not understand it to be seriously argued that section 18 of the act of congress of June 26, 1884, displaces the liability of shipowners for losses occasioned by their own negligent acts. The section does not purport to repeal any pre-existing law, but is legislation in pari materia with the act of 1851. The scope and object of the section are pointed out in Force v. Insurance Co. (D. C.) 35 Fed. 778; The Amos D. Carver, Id. 669; and Gokey v. Fort (D. C.) 44 Fed. 364. It has no application to the present questions."

The statutes have been considered in other districts and a somewhat different construction given to them, viz.: Whitcomb v. Emerson (D. C.) 50 Fed. 129, and Warner v. Boyer (D. C.) 74 Fed. 873, but even assuming that those cases are opposed to the decision of Gokey v. Fort, the latter must be followed in this district.

The conclusion in the latter case that the act of 1884, does not cover contracts entered into personally by a shipowner was reached by Judge Nelson in McPhail v. Williams, mentioned in Gokey v. Fort, supra, and by Judge Webb in The Giles Loring (D. C.) 48 Fed. 463, 471. See, also, Hughes on Admiralty 308, 311.

Under Gokey v. Fort, it would seem that the libellant was entitled to recover, but in any aspect of the case, a personal participation by a part owner in the contraction of debts, for a vessel, would doubtless make him responsible therefor, notwithstanding the statute, and there was sufficient in this case to impose such a liability upon the respondent Brown, in that the facts here show that he was aware of the incurring of this debt. It appeared that he used the yacht several times in July and almost exclusively in August. He must have had presumptive knowledge therefore of the use of supplies of this nature, and even if he did not know from whom they were obtained, he was personally bound therefor, because it was obvious that the vessel could not be used by the owners without them. He had actual knowledge that some of the supplies were being obtained, because it appeared that he paid his co-owner in August some $700 for his share of them, which included the libellant's coal bill in July. This was, at least, a ratification of the purchase, which is equivalent to a prior command to make it—Broom's Legal Maxims, 866—and would seemingly have authorized the contraction of debts for the vessel on account of all the owners by one of them.

Decree for the libellant, with interest.